UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Gonzalo Pool and Martha Pool,<br><br>    Plaintiffs,<br><br>  v.<br><br>Mortgage Electronic Registration Systems, Inc.; Prime Mortgage Financial, Inc.; and BAC Home Loans Servicing, L.P.,<br><br>    Defendants. | Civil Action No.<br>1:10-cv-00268-S-LDA |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND BAC HOME LOANS SERVICING, L.P.'S MOTION TO DISMISS**

Defendants Mortgage Electronic Registration Systems, Inc., ("MERS") and BAC Home Loans Servicing, L.P., ("BAC") (collectively "Defendants"), pursuant to Fed. R. Civ. P. 12(b)(6), respectfully submits this memorandum of law in support of its Motion to Dismiss the Verified Complaint for Temporary Restraining Order, Injunctive Relief and Declaratory Judgment and to Quiet Title to the Subject Property (the "Complaint").

**INTRODUCTION**

Plaintiffs claim in their Complaint that a foreclosure auction that resulted in title to the mortgaged property being vested in BAC was invalid because BAC was not the owner of either the Note or the mortgage. Plaintiffs claim also that the foreclosure auction was "flawed" because certain notice provisions pertaining to default and acceleration specified in the mortgage instrument were allegedly not followed. The Complaint seeks relief in three counts. Count I is styled as a "claim" for a "Temporary Restraining Order, Injunctive Relief and Declaratory Judgment," and asks the Court to declare that BAC and MERS have no interest in the mortgaged

1

property, to enjoin any further foreclosure-related activity including eviction of Plaintiffs, and to award Plaintiffs "compensatory damages against all of the Defendants for their wrongful slander of title and abuse of process," as well as fees and costs.  Compl. ¶¶ 46-53.  Count II purports to state a claim under R.I. Gen. Laws § 34-16-5 to quiet title to the mortgaged property in their favor, and seeks an order to that effect, as well as unspecified damages and fees.  Compl. ¶¶ 54-59.  Count III, which appears to be based only on the conduct of Prime Mortgage but which apparently purports to seek damages against all defendants, purports to assert a claim for breach of the implied covenant of good faith and fair dealing on the basis of Prime Mortgage's origination and underwriting of the loan, and seeks damages, injunctive relief redundant of that sought in count I, and fees and costs.  Compl. ¶¶ 60-64.  Plaintiffs' claims must fail as a matter of law because the facts of which this Court may take judicial notice show clearly that BAC is holds both Plaintiffs' Note and mortgage, and that BAC gave all the foreclosure notice which it was required to do under Rhode Island law and the Note and mortgage.  Thus, Plaintiffs are not entitled to relief and their Complaint should be dismissed with prejudice.

## FACTUAL BACKGROUND

According to Plaintiffs' Complaint, Plaintiffs purchased certain real property located at 6 Villa Drive in North Providence, Rhode Island (the "Premises"), on December 8, 2006, and financed their purchase with a mortgage loan from Defendant Prime Mortgage Financial, Inc. ("Prime Mortgage"), a Massachusetts corporation.  Compl. ¶ 10.  The amount of the loan was for $247,367, and the loan was secured by a mortgage given to MERS as nominee for Prime Mortgage, and its "successors and assigns."  Compl. ¶¶ 11-12.  *See also* Exs. A & B (Plaintiffs' Note and Mortgage).[1]  Plaintiffs allege that "MERS failed . . . to assign the instant Mortgage to

---

[1] Plaintiffs attached as exhibits to their Complaint only incomplete copies of their Note and mortgage; the copy of the Note that Plaintiffs have attached is also unsigned.  BAC and MERS have attached as Exhibit B a true and

BAC," Compl. ¶ 38, and that "[t]here is no assignment of the mortgage in the Land Evidence Records in violation of Rhode Island General Laws." Compl. ¶ 44. According to the Complaint, the terms of the mortgage concerning notice of default and the borrower's opportunity to cure were not followed, Compl. ¶¶ 29-30, 32-33, and the Complaint alleges further that "BAC . . . and[/]or MERS, despite not being in compliance with the clearly stated language and requirements of the instant mortgage and despite having no legal standing to foreclosure, conducted a foreclosure auction to occur at said property and caused a Foreclosure Deed to be signed and recorded." Compl. ¶ 42. The Complaint claims also that "[p]rior to the foreclosure sale BAC . . . and or MERS failed to show that it held an endorsed note in accordance with [Rhode Island law]."

Documents pertaining to the mortgaged property that have been recorded in the Rhode Island Land Evidence Records, which are matters of public record of which this Court may take judicial notice, reveal that on January 12, 2010 MERS assigned Plaintiffs' mortgage "together with the mortgage note secured thereby" to BAC, and this assignment was recorded on January 25, 2010. *See* Ex. C (MERS Assignment). On February 5, 2010, counsel for BAC sent a letter

---

correct copy of the mortgage instrument that is recorded in the Rhode Island Land Records, at Book 2353, Page 215, on Dec. 8, 2006. Also attached as Exhibit C and D are true and correct copies of the assignment of Plaintiffs' Note and mortgage to BAC and the deed of foreclosure with respect to the mortgaged property, which has several exhibits of its own, including the letter sent by BAC's counsel, Richard J. Volpe, to Plaintiffs on February 5, 2010; the notice of sale with respect to the mortgaged property; and the affidavit of BAC's counsel, Richard J. Volpe, respectively. All of these documents are recorded in the Rhode Island Land Evidence Records. *See* Book 2632, Page 205; Book 2652, Pages 1-11. The Court may properly take judicial notice of these recorded documents because they are matters of public record. Additionally, the mortgage instrument is also attached as an exhibit to Plaintiffs' Complaint, which purports to cite the language of the mortgage instrument in support of Plaintiffs' claims. *See Stein v. Royal Bank of Can.*, 239 F.3d 389, 392 (1st Cir. 2001) (citing cases); *Velazquez v. GMAC Mortgage Corp.*, 605 F. Supp. 2d 1049, 1057-58 (C.D. Cal. 2008) (taking judicial notice of recorded mortgage). *See also* Compl. ¶¶ 12, 16, 18, 22, 24, 29-30.

Attached hereto as Exhibit A is a true and correct copy of the Note that Plaintiffs signed, which also bears blank indorsements made by the previous holders of the Note. Although the Note, unlike the other Exhibits, was not recorded, the Court may still consider it in ruling on this Motion without thereby converting the Motion into one for summary judgment because the Note is itself referenced in the Complaint and indeed, Plaintiffs chose to attach a copy of the Note as an exhibit to their Complaint. *See Stein*, 239 F.3d at 392; *Champlaie v. BAC Home Loans Servicing, LP*, 706 F. Supp. 2d 1029, 1039-40 (E.D. Cal. 2009); *Biggins v. Wells Fargo & Co.*, 266 F.R.D. 399, 408 (N.D. Cal. 2009). *See also* Compl. ¶¶ 11, 34-37.

3

(via certified mail return receipt requested and regular mail) to Plaintiffs, which was also recorded, advising them that BAC was the current holder of the mortgage and the Note; that Plaintiffs had failed to cure a prior default with respect to the mortgage; and that BAC had chosen to accelerate the Note. *See* Ex. D, at Book 2652, Pages 7-8 (Foreclosure Letter). The letter also notified Plaintiffs of BAC's intention to foreclose by sale under the power of sale contained in the mortgage instrument, and advised that a notice of sale, scheduled for April 5, 2010, would be published in the Pawtucket Evening Times beginning on April 5, 2010. *Id.* The notice of sale was duly published on March 15, 2010; March 22, 2010; March 29, 2010; and April 5, 2010. *See* Ex. D, at Book 2652, Page 11 (Notice of Sale); Ex. D, at Book 2652, Page 6, ¶ 3 (Attorney Affidavit). The foreclosure sale occurred as scheduled on April 5, 2010, resulting in legal title to the mortgaged property becoming vested in BAC. *See* Ex. D, at Book 2652, Pages 1-3 (Foreclosure Deed). Since the foreclosure sale, Plaintiffs have continued to live on the mortgaged property. Compl. ¶ 59.

      The recorded documents also tell a story entirely different from that made out in Plaintiffs' Complaint. As stated, contrary to Plaintiffs' bare allegations, MERS in fact did assign the Plaintiffs' mortgage to BAC, and this assignment was duly recorded in the Land Evidence Records. *See* Ex. C (MERS Assignment). The assignment was executed and recorded months before the foreclosure sale took place, and indeed, well before BAC's counsel notified Plaintiffs of BAC's intent to foreclose. *See* Ex. C (MERS Assignment); Ex. D, at Book 2652, Pages 1-3, 7-8 Foreclosure Letter and Foreclosure Deed). Likewise, Plaintiffs' suggestion that their Note was never transferred to BAC is contradicted by their own admission in their Complaint that they received notice – a copy of which is attached to the Complaint as an exhibit – of the transfer on August 23, 2009, and by the indorsements of the previous holders that plainly appear on

4

Plaintiffs' Note, which also bears their signatures. *See* Compl. ¶ 34 & Ex. 5. *See also* Ex. A (Note). Finally, the notice provision pertaining to default and acceleration that Plaintiffs claim was not followed is simply not contained in the actual mortgage that Plaintiffs signed. *Compare* Ex. B (Mortgage) *with* Compl. ¶ 29. Indeed, the provisions of Plaintiffs' mortgage governing acceleration contain notice requirements like those recited by Plaintiffs in their Complaint. *Compare* Ex. B, ¶ 9 (Mortgage) *with* Compl. ¶ 29.

On April 30, 2010, Plaintiffs filed their Complaint with the Superior Court of Rhode Island, naming as Defendants BAC, MERS and Prime Mortgage. BAC and MERS removed this action to this Court on June 23, 2010. Following removal, counsel for defendants BAC and MERS entered into discussions with Plaintiffs' counsel to explore the possibility of Plaintiffs' obtaining a loan modification. The parties agreed on various occasions to extend the time to answer or otherwise respond to the Complaint pending the consideration of Plaintiffs' application for a loan modification, for which Plaintiffs were ultimately deemed not to qualify due to their lack of sufficient income.

## ARGUMENT

### I. Standard of Review

Because all of Plaintiffs' claims are before the Court under the diversity jurisdiction, this Court applies federal procedural law and Rhode Island substantive law in evaluating Plaintiff's Complaint. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965); *Nicolaci v. Anapol*, 387 F.3d 21, 24 (1st Cir. 2004). *See also* 28 U.S.C. §§ 1652, 2072. "Dismissal for failure to state a claim is appropriate if the complaint fails to set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)). *See also* Fed. R. Civ. P.

5

12(b)(6).  In ruling on Defendants' Motion to Dismiss, the Court must accept all well-pleaded factual allegations contained in the Complaint as true and draw all reasonable inferences in Plaintiffs' favor to "determine whether the [C]omplaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory."  *Martin v. Applied Cellular Tech., Inc.*, 284 F.3d 1, 6 (1st Cir. 2002).  The Court, however, need not assume the truth of legal conclusions that are "couched" or disguised as factual allegations.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Moreover, the requirement of Fed. R. Civ. P. 8(a)(2) that Plaintiffs make a "showing that [he] is entitled to relief" demands "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Instead, Plaintiffs' Complaint must "state[] a plausible claim for relief," meaning that the allegations must "permit the court to infer more than the mere possibility of misconduct."  *Iqbal*, 129 S.Ct. at 1950.

## II.      BAC is the Proper Holder of Both the Mortgage and the Note

The general rule is that "[a] mortgage may be enforced only by, or in behalf of, a person who is entitled to enforce the obligation the mortgage secures."  Restatement (Third) of Property: Mortgages § 5.4(c) (1997); *see also Turner v. Domestic Inv. & Loan Corp.*, 375 A.2d 956, 959 (R.I. 1977) (holding that a mortgage is merely a "secondary obligation," the validity and enforceability of which depends entirely on the existence of a "primary obligation" or debt that the mortgage secures); 4 R.R. Powell & M.A. Wolf, Powell on Real Propoerty § 37.27[2] & n.5 (2010) (collecting cases).  Plaintiffs claim that "MERS never assigned the mortgage and note to [BAC]," and that BAC "ha[s] no interest in the property, the mortgage or note and, thus, has no standing to foreclose upon the note and Mortgage of [Plaintiffs]."  Compl. ¶¶ 47-48.  These allegations, however, are in direct contradiction with the chain of title to the mortgaged property

as evidenced in the Rhode Island Land Evidence Records.  As mentioned, the Land Evidence Records show that Plaintiffs' mortgage was duly assigned by MERS to BAC in January 2010, well before BAC even notified Plaintiffs of its intent to foreclose and months before the foreclosure sale was completed.  *See* Ex. C (MERS Assignment).  Plaintiffs cannot reasonably dispute the authenticity of this recorded assignment, and their unsupported, conclusory allegations to the contrary do not support a plausible entitlement to relief.  *See DM Research, Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999) (Court need not accept as true "bald assertions, subjective characterizations, or legal conclusions" contained in complaint); *see also Champlaie*, 706 F. Supp. 2d at 1037 n.2 (where allegations in complaint are contradicted by facts or evidence of type that Court may consider in ruling on motion to dismiss, Court need not accept such allegations as true).

      Similarly without basis are Plaintiffs' conclusory allegations that BAC is not the holder of the Note that Plaintiffs' mortgage secures.  A review of the actual Note that Plaintiffs signed, a true and correct copy of which is attached as Exhibit A, shows that BAC is the proper holder.  The Note – both pages of which were signed or initialed by Plaintiffs as attested by the signature of witness Stefanie D. Howell – bears an indorsement in blank from Prime Mortgage, to whom the Note was first made; there are no special indorsements.  *See* Ex. A (Note).  Under the Uniform Commercial Code, an instrument that is indorsed in blank by the holder "becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." R.I. Gen. Laws § 6A-3-205(b).  As Plaintiffs' Complaint acknowledges, Prime Mortgage was the original obligee of the Note.  Compl. ¶ 11.  Because Prime Mortgage indorsed the Note in blank, and because there is no plausible allegation in the Complaint that the transfer of the Note was ever involuntary, it is apparent from the Note itself that BAC is its holder,

7

because it has the Note in its possession.[2]

Because Plaintiffs' conclusory allegations that BAC is not the holder of either the Note or the mortgage are contradicted by both the Land Evidence Records and the very Note Plaintiffs reference in their Complaint, Plaintiffs' claims fail as a matter of law because the Complaint's allegations fail "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These documents show beyond any possible dispute that Plaintiffs' mortgage was assigned to BAC well before the foreclosure sale was conducted and that BAC is the holder of Plaintiffs' Note. As observed in even the Vermont decision on which Plaintiffs rely, a mortgage may be assigned "in order to allow for a foreclosure action." Compl. Ex. 4 at 17. Contrary to Plaintiffs' bare and implausible allegations, that is exactly what happened here. Therefore, Plaintiffs' claims must be dismissed pursuant to Fed. R. Civ. P. 8 and 12(b)(6).

### III. Plaintiffs Were Appropriately Notified of the Foreclosure Sale

Plaintiffs claim also that the provisions for notice and opportunity to cure following default contained in paragraph 22 of the mortgage were never followed and that this renders the foreclosure sale invalid. Compl. ¶¶ 29-30, 32-33 & Ex. 3. These claims also lack merit. It is obvious that Plaintiffs have cited to a mortgage instrument completely different from their own. The provisions in "paragraph 22" that Plaintiffs allege were not followed appear nowhere in the mortgage instrument that Plaintiffs actually signed. *Compare* Ex. B (Mortgage) with Compl. ¶ 29. While Plaintiffs' mortgage does contain a "paragraph 22," it consists of only four lines and serves only to incorporate by reference the contents of riders into the mortgage instrument.

---

[2] The blank indorsement by Taylor, Bean & Whitaker Mortgage Corporation is superfluous and without significance here. As explained previously, once a negotiable instrument is indorsed in blank by the holder, it becomes bearer paper. R.I. Gen. Laws § 6A-3-205(b). Thus, once Prime Mortgage transferred the Note to a different holder by indorsing it in blank and transferring possession to another person, that holder could have in turn transferred the Note to yet another holder without indorsement by mere transfer of possession. *Id.* §§ 6A-3-201, 6A-3-302.

Ex. B, ¶ 22 (Mortgage). The only section of Plaintiffs' mortgage that concerns acceleration of Plaintiffs' obligations is section 9, which does not contain any notice provision remotely like that which Plaintiffs claim was not followed here. *See* Ex. B, ¶ 9 (Mortgage). Nor does any such provision appear in the other documents related to the transaction, such as the Note. *See* Ex. A (Note).

The only notice with respect to foreclosure proceedings to which Plaintiffs were entitled under the mortgage instrument was to be "mail[ed] a copy of a notice of sale" via the method required by applicable law, and to have a notice of sale published and the property sold "in the manner prescribed by applicable law." Ex. B, ¶18 (Mortgage). Under Rhode Island law, a foreclosure under power of sale requires the mortgagee to give 30 days' written notice of the foreclosure sale to the mortgagor via certified mail return receipt requested, and also to publish a notice of the sale in some public newspaper at least once per week for three weeks prior to the sale. *See* R.I. Gen. Laws § 34-27-4. Plaintiffs do not and cannot plausibly allege that these things were not done, when the documents recorded in the Land Evidence Records indicate that there requirements were met. *See* Ex. D, at Book 2652, Pages 6-11 (Attorney Affidavit, Foreclosure Letter and Notice of Sale). That the Complaint does not allege that notice of the foreclosure sale was not provided as required under the Rhode Island General Laws. *See O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976) ("[W]hen a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."). Thus, Plaintiffs' contention that "[t]he fact that paragraph 22 of the mortgage was not complied with renders any foreclosure null and void" is without merit, because BAC, as the successor to the original Lender (Prime Mortgage), was not required to comply with the cited provisions that Plaintiffs claim were not followed, and Plaintiffs make no plausible claim that the

9

notice requirements that actually apply in these circumstances were not followed.

## IV. BAC and MERS Have Not Breached Any Covenant of Good Faith and Fair Dealing

In their Prayer for Relief with respect to Count III, Plaintiffs have asked "[t]hat the court or other trier of fact, order the defendants to pay the Pool's [*sic*] damages." Compl. ¶ 64(b). It is unclear, however, whether Count III asserts any claim for breach of the implied covenant of good faith and fair dealing against either BAC or MERS. To the extent that it does, such claims must fail.

First, none of the conduct complained of in count III of the Complaint is attributed to BAC or MERS. *See* Compl. ¶¶ 60-64. For this reason alone, this Count should be dismissed as to BAC and MERS because Plaintiffs have failed to allege the "grounds" of any "entitle[ment] to relief" against those Defendants. *See Twombly*, 550 U.S. at 555. Second, although under Rhode Island law "[v]irtually every contract contains an implied covenant of good faith and fair dealing between the parties," *Dovenmuehle Mortgage, Inc. v. Antonelli*, 790 A.2d 1113, 1115 (R.I. 2002) (quoting *Centerville Builders, Inc. v. Wynne*, 683 A.2d 1340, 1342 (R.I. 1996)), the entitlement protected by that covenant does not exceed the scope of the duties imposed by the contract that governs the parties' agreement. *See id.* (no breach of implied covenant of good faith and fair dealing in mortgagee's failure to pay taxes owed when mortgagee was empowered but not required to do so to protect property from tax sale).

To the extent Plaintiffs seek damages for a breach of the implied covenant of good faith and fair dealing from BAC or MERS, they seek to hold those Defendants to an agreement different from the one they made. Under the Note and mortgage that BAC now holds, into which Plaintiffs entered voluntarily, the mortgage is a security for the Note obligation. The mortgagee, including the mortgagee's successors and assigns, has the right to foreclose by power of sale against the mortgaged property if it follows the applicable local law pertaining to notice.

*See* Ex. B, ¶ 18 (Mortgage). Absent receiving the payments due under the Note, the mortgagee has no obligation to release the mortgage or to refrain from exercising its right to foreclose by power of sale. *See Horizon Props., LLC v. Indian Corner Homes, LLC*, No. W.C. 00-351, 2004 WL 254582, at *4 (R.I. Super. Jan. 27, 2004). Accordingly, neither BAC's nor MERS's actions in exercising that right are actionable as a breach of the implied covenant of good faith and fair dealing. *Cf. id.* (no breach of implied covenant of good faith and fair dealing where lender merely failed to discharge mortgages on which it had not been paid as agreed).

## CONCLUSION

For all of the reasons stated, Plaintiffs' claims fail as a matter of law to satisfy the requirements of Rules 8 and 12 of the Federal Rules of Civil Procedure. Accordingly, Defendants respectfully request that the Court dismiss Plaintiffs' Complaint in its entirety with prejudice, and grant such other relief as it deems just and appropriate.

    Respectfully submitted,

    Defendants
    Mortgage Electronic Registration Systems,
    Inc., and BAC Home Loans Servicing, L.P.

    By their attorney,

    /s/ John B. Daukas
    John B. Daukas (# 5437)
    GOODWIN PROCTER LLP
    EXCHANGE PLACE
    53 State Street
    Boston, Massachusetts  02109
    Tel.:  617.570.1000
    Fax:  617.523.1231
    jdaukas@goodwinprocter.com

Dated: December  28, 2010

CERTIFICATE OF SERVICE

      I, John B. Daukas, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those indicated as non-registered participants on December 28, 2010.

                                      /s/ John B. Daukas